UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS REED, JR.,

    Petitioner,

v.                                                Case No. 5:15cv174/LC/CJK

UNITED STATES DISTRICT COURT

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and petitioner's motion to proceed *in forma pauperis* (docs. 4, 5). Good cause having been shown, the motion to proceed *in forma pauperis* will be granted and the $5.00 filing fee will be waived. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes the petition should be summarily dismissed as prematurely filed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Apalachee Correctional Institution. In 2014, while in state custody, petitioner was charged in federal court with one count of theft of government funds and two counts

of making false statements.[1]  *United States v. Reed*, N.D. Fla. Case No. 5:14cr17/RS/LB, Docs. 1, 21.  Pursuant to a writ of habeas corpus ad prosequendum, petitioner was temporarily transferred from state to federal custody for his federal criminal proceedings.  *Reed*, Docs. 6, 7.  On October 15, 2014, petitioner pleaded guilty in federal court to the three charges he faced.  *Reed*, Docs. 15, 23.  On January 7, 2015, petitioner was sentenced to 13 months' imprisonment on each charge, the sentences to run concurrently with each other but consecutive to petitioner's state sentence.  *Reed*, Doc. 23.  Petitioner was returned to state prison and, according to the Florida Department of Corrections' website, is scheduled to be released from state custody on July 10, 2020.[2]  Petitioner asserts he was in federal custody from August 6, 2014, to January 27, 2015, at Bay County Jail.  (Doc. 1, p. 2-3).  Petitioner now requests that this court grant him prior custody credit against his 13-month federal sentences for the time he spent in Bay County Jail.  (Doc. 1).

## DISCUSSION

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins."  *United States v. Wilson*, 503 U.S. 329, 330, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992).  Section 3585 of Title 18 provides, in relevant part:

> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or

---

[1] The court takes judicial notice of petitioner's criminal proceedings in Northern District of Florida Case No. 5:14cr17/RS/LB.  *See* Fed. R. Evid. 201.

[2] *See* http://www.dc.state.fl.us/AppCommon/.

Case No. 5:15cv174/LC/CJK

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Nevertheless, "[d]istrict courts are not authorized to compute a presentence detention credit at sentencing."  *Canword v. Pastrana*, 352 F. App'x 393, 395 (11th Cir. 2009) (citing *Wilson*, 503 U.S. at 334).  Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing.  *Wilson*, 503 U.S. at 331 (citing 18 U.S.C. § 3621(a)); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *see also United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody.").

Here, petitioner asks this court to prospectively order the Bureau of Prisons to grant him prior custody credit before his federal sentence has commenced.  *See* 18 U.S.C. § 3585(a) (A sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.").  Accordingly, petitioner is not now entitled to the relief he seeks.  As previously indicated, the BOP, and not the court, is initially responsible for determining the amount of prior custody credit the petitioner has earned.  Because petitioner's federal sentence has not commenced and the BOP has not had the opportunity to compute his prior custody credit, this court, like the sentencing court, is not authorized to calculate petitioner's prior custody credit.  Thus, this § 2241 petition was prematurely filed and is due for dismissal. *Johnson v. Wise*, No. CA10-0123-WS-C, 2010 WL 3306920 (S.D. Ala. July 13, 2010) (state prisoner's § 2241

petition seeking credit on federal sentence for time spent in state custody was premature, because prisoner's federal sentence had not commenced), *Report and Recommendation adopted by* 2010 WL 3306931 (S.D. Ala. Aug. 19, 2010); *see also Dais v. LaManna*, C/A No. 9:05-2797-DCN-GCK, 2006 WL 2642604, *4 (D.S.C. Sept. 13, 2006) ("The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the FBOP. The delegation of tasks includes responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence."), *aff'd*, 224 F. App'x 292 (4th Cir. 2007).

Furthermore, if petitioner is unsatisfied with the BOP's initial determination of his prior custody credit, he may pursue administrative remedies to challenge the BOP's calculation.  *See Dais*, 2006 WL 2642604 at *4 (describing BOP's grievance procedure).  An inmate's failure to exhaust those remedies may preclude him from seeking relief through a petition for writ of habeas corpus.  *See Santiago-Lugo v. Warden*, 785 F.3d 467 (11th Cir. 2015) (holding exhaustion requirement in § 2241 proceeding is non-jurisdictional but respondent may raise failure to exhaust as a defense).  Judicial review of the calculation of credit for prior custody as to petitioner's federal sentence is not appropriate until, at a minimum, the BOP has made the initial determination of petitioner's prior custody credit.

Accordingly, it is ORDERED:

1.   Petitioner's motion to proceed *in forma pauperis* (docs. 4, 5) is GRANTED.

And it is respectfully RECOMMENDED:

1.   That petitioner's § 2241 petition (doc. 1) be DISMISSED WITHOUT

PREJUDICE.

    2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of August, 2015.

                                        */s/ Charles J. Kahn, Jr.*
                                        **CHARLES J. KAHN, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.